UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| William L. Hairston and Gary A. Johnson,<br><br>Plaintiffs,<br><br>v.<br><br>Donerite Trucking LLC and Franklin Aguilar,<br><br>Defendants. | Civil Action No.:<br><br><br>COMPLAINT<br><br>JURY TRIAL DEMANDED |

Plaintiffs William L. Hairston and Gary A. Johnson (hereinafter "Plaintiffs"), by and through their attorneys at the Law Office of Jarred S. Freeman, Esq., LLC, allege, upon personal knowledge as to themselves and upon information and belief as to other matters, as follows:

## PRELIMINARY STATEMENT

1. Plaintiffs, William L. Hairston and Gary A. Johnson, through undersigned counsel, bring this action against Donerite Trucking LLC, and Franklin Aguilar, as individuals (hereinafter "Defendants"), to recover damages for egregious violations of federal and state overtime laws and unpaid wages arising out of Plaintiffs' employment by Defendants at Donerite Trucking LLC located at 744 1st Street, Dunellen, NJ 08812.

2. Plaintiff William L. Hairston was employed by Defendants at Donerite Trucking LLC located at 744 1st Street, Dunellen, NJ 08812 as a truck driver and performing other miscellaneous duties from on or around April 17, 2017 until on or around June 17, 2018.

3. Plaintiff Gary A. Johnson was employed by Defendants at Donerite Trucking LLC

located at 744 1st Street, Dunellen, NJ 08812 as a truck driver and performing other miscellaneous duties from on or around June 12, 2017 until on or around December 8, 2017.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over Plaintiffs' federal claims pursuant to the FLSA, 29 U.S.C. §216 and 28 U.S.C. §1331.

5. This Court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. §1367.

6. Venue is proper in the District of New Jersey pursuant to 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to the claims occurred in this district.

7. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§2201 & 2202.

## THE PARTIES

8. Plaintiff, William L. Hairston, residing at 91 Mary Avenue, Ford, NJ 08863, was employed by Defendants from on or around April 17, 2017 until on or around June 17, 2018.

9. Plaintiff, Gary A. Johnson, residing at 238 Pinehurst Avenue, Scotch Plains, NJ 07076, was employed by Defendants from on or around June 12, 2017 until on or around December 8, 2017.

10. Upon information and belief, Defendant, Donerite Trucking LLC, is a corporation

organized under the laws of New Jersey with a principal executive office at 744 1st Street, Dunellen, NJ 08812.

11. Upon information and belief, Defendant, Donerite Trucking LLC, is a corporation authorized to do business under the laws of New Jersey.

12. Upon information and belief, Franklin Aguilar was the operations manager for Donerite Trucking LLC.

13. Upon information and belief, Franklin Aguilar managed Donerite Trucking LLC.

14. Upon information and belief, employees of Donerite Trucking LLC, including the Plaintiffs, would discuss job related issues with Defendant Franklin Aguilar.

15. Upon information and belief, Defendant Franklin Aguilar handled the day to day operations at Donerite Trucking LLC, including overseeing clients, drivers, scheduling, and safety.

16. Upon information and belief, Defendant Franklin Aguilar would supervise the trucking employees.

17. Upon information and belief, Defendant Franklin Aguilar was responsible for maintaining the time sheets that reflected the hours worked by employees of Donerite Trucking LLC, including the Plaintiffs.

18. Upon information and belief, Defendant Franklin Aguilar would review employee time sheets.

19. Upon information and belief, Defendant Franklin Aguilar was the initial point of contact for employees of Donerite Trucking LLC when there were issues with

employees' pay or hours.

20. Upon information and belief, Defendant Franklin Aguilar was an agent of Donerite Trucking LLC.

21. Upon information and belief, Defendant Franklin Aguilar had power over personnel decisions at Donerite Trucking LLC.

22. Upon information and belief, Defendant Franklin Aguilar was responsible for hiring employees, including the Plaintiffs, at Donerite Trucking LLC.

23. Upon information and belief, Defendant Franklin Aguilar was responsible for firing employees, including the Plaintiffs, at Donerite Trucking LLC.

24. Upon information and belief, Defendant Franklin Aguilar had power over payroll decisions at Donerite Trucking LLC.

25. Upon information and belief, Defendant Franklin Aguilar was responsible for setting the pay rate of employees at Donerite Trucking, LLC.

26. Defendant Franklin Aguilar had the power to hire and fire employees at Donerite Trucking, LLC, establish and pay their wages, set their work schedule, and maintains their employment records.

27. During all relevant times herein, Defendant Franklin Aguilar was Plaintiffs' employer within the meaning of the FLSA and New Jersey Wage and Hour Law ("NJWHL").

28. On information and belief, Donerite Trucking LLC is, at present and has been at all times relevant to the allegations in the Complaint, an enterprise engaged in interstate commerce within the meaning of the FLSA in that the entity (i) has had employees

engaged in commerce or in the production of goods for commerce, and handle, sell or otherwise work on goods or material that have been moved in or produced for commerce by any person; and (ii) has had an annual gross volume of sales of not less than $500,000.00

## FACTUAL ALLEGATIONS

29. Plaintiff William L. Hairston was employed by Defendants from on or around April 17, 2017 until on or around June 17, 2018.

30. Plaintiff William L. Hairston was employed by Defendants at 744 1st Street, Dunellen, NJ 08812 as a truck driver and performing other miscellaneous duties from on or around April 17, 2017 until on or around June 17, 2018.

31. Upon information and belief, Plaintiff William L. Hairston worked approximately fifty (50) hours or more per week from on or around April 17, 2017 until on or around June 17, 2018.

32. Upon information and belief, Plaintiff William L. Hairston was paid by Defendants approximately $1,200.00 per week from on or around April 17, 2017 until on or around June 17, 2018.

33. Although Plaintiff William L. Hairston worked approximately fifty (50) hours or more per week during the period of his employment by Defendants, Defendants did not pay Plaintiff time and a half (1.5) for hours worked over forty (40), a blatant violation of the overtime provisions contained in the FLSA and NJWHL.

34. Plaintiff Gary A. Johnson was employed by Defendants from on or around June 12,

2017 until on or around December 8 2017.

35. Plaintiff Gary A. Johnson was employed by Defendants 744 1st Street, Dunellen, NJ 08812, as a truck driver and performing other miscellaneous duties from on or around June 12, 2017 until on or around December 8, 2017.

36. Upon information and belief, Plaintiff Gary A. Johnson worked approximately sixty (60) hours or more per week June 12, 2017 until on or around December 8, 2017.

37. Upon information and belief, Plaintiff Gary A. Johnson was paid by Defendants approximately $1,200.00 per week June 12, 2017 until on or around December 8, 2017.

38. Although Plaintiff Gary A. Johnson worked approximately sixty (60) hours or more per week during the period of his employment by Defendants, Defendants did not pay Plaintiff time and a half (1.5) for hours worked over forty (40), a blatant violation of the overtime provisions contained in the FLSA and NJWHL.

39. Upon information and belief, Defendants willfully failed to post notices of the minimum wage and overtime wage requirements in a conspicuous place at the location of their employment as required by both the FLSA and NJWHL.

40. Upon information and belief, Defendants willfully failed to keep payroll records as required by both the FLSA and NJWHL.

41. As a result of these violations of Federal and New Jersey State labor laws, Plaintiff seeks compensatory damages and liquidated damages in an amount exceeding $100,000.00. Plaintiff also seeks interest, attorney's fees, costs, and all other legal and equitable remedies this Court deems appropriate.

## FIRST CAUSE OF ACTION
### Overtime Wages Under the Fair Labor Standards Act

42. Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

43. Plaintiffs have consented in writing to be a party to this action, pursuant to 29 U.S.C. §216(b).

44. At all times relevant to this action, Plaintiffs were engaged in commerce or the production of goods for commerce within the meaning of 29 U.S..C. §§206(a) and 207(a).

45. At all times relevant to this action, Defendants were employers engaged in commerce or the production of goods for commerce within the meaning of 29 U.S.C. §§206(a) and 207(a).

46. Defendants willfully failed to pay Plaintiffs overtime wages for hours worked in excess of forty (40) hours per week at a wage rate of one and a half (1.5) times the regular wage, to which Plaintiffs were entitled under 29 U.S.C. §206(a) in violation of 29 U.S.C. §07(a)(1).

47. Defendants' violations of the FLSA as described in this Complaint have been willful and intentional. Defendants have not made any good faith efforts to comply with the FLSA with respect to the compensation of Plaintiffs.

## SECOND CAUSE OF ACTION
### Unpaid Wages Under The Fair Labor Standards Act

48. Plaintiffs reallege and incorporate by reference all allegations in all preceding

paragraphs.

49. At all times relevant to this action, Plaintiffs were engaged in commerce or the production of goods for commerce within the meaning of 29 U.S.C. §§206(a) and 207(a).

50. At all times relevant to this action, Defendants were employers engaged in commerce or the production of goods for commerce within the meaning of 29 U.S.C. §§206(a) and 207(a).

51. Defendants willfully failed to pay Plaintiffs' wages for hours worked in violation of 29 U.S.C. §206(a).

52. Defendants' violations of the FLSA as described in this Complaint have been willful and intentional. Defendants have not made a good faith effort to comply with the FLSA with respect to compensating the Plaintiffs.

53. Due to Defendants' FLSA violations, Plaintiffs are entitled to recover from Defendants, jointly and severally, their unpaid wages and an equal amount in the form of liquidated damages, as well as reasonable attorneys fees and costs of the action, including interest, pursuant to the FLSA, specifically 29 U.S.C. §216(B).

## THIRD CAUSE OF ACTION
Overtime Wages Under New Jersey Labor Law

54. Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

55. At all times relevant to this action, Plaintiffs were employed by Defendants within the meaning of New Jersey Labor Law, N.J.S.A. 34 §§11-56a1 and 11-56a4.

56. Defendants failed to pay Plaintiffs overtime wages for hours worked in excess of forty (40) hours per week at a wage rate of one and a half (1.5) times the regular wage to which Plaintiffs were entitled under New Jersey Labor Law, N.J.S.A. 34 §11-56a4.

57. Due to Defendants' New Jersey Wage and Hour Law violations, Plaintiffs are entitled to recover from Defendants, jointly and severally, their unpaid overtime wages, as well as reasonable attorneys' fees and costs of the action, including interest in accordance with NJ Wage and Hour Law, N.J.S.A. 34 §11-56a25.

### FOURTH CAUSE OF ACTION
### Unpaid Wages Under The New Jersey Wage And Hour Law

58. Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

59. At all times relevant to this action, Plaintiffs were employed by Defendants within the meaning of New Jersey Labor Law, N.J.S.A. 34 §§11-56a1 and 11-56a4.

60. Defendants failed to pay Plaintiffs wages for hours worked in violation of New Jersey Wage and Hour Law Chapter 11.

61. Due to Defendants' New Jersey Wage and Hour Law violations, Plaintiffs are entitled to recover from Defendants, jointly and severally, their unpaid wages in an amount equal to their unpaid wages as well as reasonable attorneys' fees and costs of the action, including interest in accordance with NJ Wage and Hour Law N.J.S.A. 34 §11-56a25.

### FIFTH CAUSE OF ACTION
### Violation of Notice and Recordkeeping Requirements of the New Jersey Wage and Hour Law

62. Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

63. Defendants failed to provide Plaintiffs with a written notice of their rate of pay, regular pay day, and such other information as required by N.J.S.A. 12:2-1.3 and 34:11-56a et seq.

64. Defendants are liable to Plaintiffs in the amount of $5,000.00 per Plaintiff together with costs and attorneys' fees.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that judgment be granted:

   a. Declaring Defendants' conduct complained herein to be in violation of the Plaintiffs' rights under the FLSA, the New Jersey Wage and Hour Law, and its regulations;

   b. Awarding Plaintiffs unpaid overtime wages;

   c. Awarding Plaintiffs unpaid wages for hours in which Defendants did not compensate Plaintiffs;

   d. Awarding Plaintiffs liquidated damages pursuant to 29 U.S.C. §216;

   e. Awarding Plaintiffs prejudgment and post-judgment interest;

   f. Awarding Plaintiffs the costs of this action together with reasonable attorneys' fees; and

   g. Awarding such and further relief as this court deems necessary and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand a trial by jury on all questions of fact raised by the Complaint.

DATED: May 29, 2019           BY: _____
                              Hamill Patel, Esq.
                              The Law Offices of Jarred S. Freeman
                              3840 Park Avenue, Suite 202A
                              Edison, NJ 08820
                              Telephone: 732-494-7900
                              Fax: 732-494-7904